SullivaN, J.
Hinton brought an action of trespass on the case against Prentiss, alleging that Prentiss on, &c., as the pretended agent of one Bowser, unlawfully and oppressively caused to be issued against his goods and chattels, a writ of fieri facias on a judgment in favour of said Bowser against him (Hinton), by virtue of which a certain bay mare, the property of Hinton, was levied on and sold; that at the sale, Prentiss became the purchaser of the mare at a reduced price; that previous to issuing said writ, Hinton had been arrested by virtue of a capias ad satisfaciendum issued on the same judgment, and had been discharged by Bowser; all of which was well known by Prentiss at the time of issuing said fieri facias, at the time of the sale, &c.
The defendant pleaded the general issue with leave to *38 the special matter in evidence. "Verdict and judgment for the plaintiff.
J). PI. Colerich and W. H. Coombs, for the plaintiff.
H. Cooper, for the defendant.
The Court gave the following instructions to the jury: 1, If a defendant be arrested on a capias ad satisfaciendum, and be discharged by the plaintiff, or by his default in paying the jailer’s fees when legally required, the judgment is satisfied, and an execution afterwards issued thereon will be null and void; 2, If the defendant were discharged by the sheriff, because the plaintiff refused to pay his fees, it was a satisfaction of the judgment," such refusal amounting to consent tc the defendant’s discharge. To the opinion of the Court contained in these instructions, the defendant excepted.
The common law principle is, that if a debtor, who is in custody on a ca. sa. be discharged with the plaintiff’s assent, it operates as a discharge of the judgment. But this Court has decided, that the discharge of a debtor in execution because the plaintiff refuses to pay the prison fees, is not a discharge with the consent of the plaintiff. Tatum v. Potts et al., May term, 1841. In England, a discharge under the ^insolvent debtor’s act, on the refusal of the plaintiff to pay the prison fees, is decided not to be a discharge with the plaintiff’s assent. Nadin v. Battle et al., 5 East, 147, Those cases decide the present case, and show the instructions of the Court to be erroneous.
The evidence is not spread upon the record, but we presume the instructions were applicable to the cáse, and being erroneous, may have led the jury to return a wrong verdict.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.